# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KATHRINE CONTEJEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-1001 PLC |
| | ) | |
| AMEREN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff's letter to the Court requesting that her "case be removed from the internet[,]" which the Court interprets as a motion to seal the "case." [ECF No. 4] On July 22, 2024, Plaintiff filed a complaint bringing claims of race and age discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. [ECF No. 1]

Plaintiff requests the Court to "remove all information regarding her case from "the internet" because "people ask me about this[.]" [ECF No. 4] Plaintiff states she "thought the whole time it was going to be confidential." [ECF No. 4] Plaintiff further states that "[i]f there is another process [she needs] to follow in order to have it removed please advise." [ECF No. 4]

There is a common-law right of access to judicial records. IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013). Although not absolute, there is "a general right to inspect and copy public records and documents, including judicial records and documents[.]" Id. quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98. While the Court has supervisory power over its own records and files, "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (citation omitted). See also Flynt v.

Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (presumption of public access may be overcome if the party seeking to seal the records provides compelling reasons to do so). "In general, a private parties' desire to maintain confidentiality is not enough to overcome the 'long-standing presumption of public access to litigation in the courts.'" Howard v. Newrez, LLC, No. 4:21-CV-522 JAR, 2021 WL 2002998, at *2 (E.D. Mo. May 19, 2021) (quoting CAA Sports LLC. v. Dogra, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018). Instead, "[s]ealing documents is generally appropriate when necessary to 'shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and conceal personal identifying information such as social security numbers or dates of birth.'" Howard, 2021 WL 2002998, at *2 (quoting Dogra, 2018 WL 6696622, at *1.

Here, Plaintiff seeks to remove all references to her case from the "internet" based upon her desire for the case to remain "confidential." [ECF No. 4] However, Plaintiff's desire for the case to remain "confidential" does not outweigh the Court's interest in preserving the common-law right of access to judicial records in civil proceedings. Accordingly, based on the record currently before the Court, the Court denies Plaintiff's motion to seal.

In addition, Plaintiff's motion does not comply with the Court's local rules governing the sealing of documents. Eastern District of Missouri Local Rule 13.05 governs the process for sealing materials and "emphasizes the right of the public to access court materials and requires…careful consideration of the public and private interests affected by sealing court filings." Long v. Gyrus ACMI, Inc., No. 4:18-CV-4 SEP, 2021 WL 1985054, at *1 (E.D. Mo. May 18, 2021). Local Rule 13.05 requires the party seeking to seal materials in the record to file: (1) an unsealed motion for sealing, Local Rule 13.05(A)(4)(a); (2) a sealed memorandum in support of the motion, Local Rule 13.05(A)(4)(b); and (3) either a redacted copy of the material

for which sealing is requested or a sealed memorandum "explaining the specific reasons for the failure or inability to file" the redacted copy, Local Rule 13.05(A)(4)(c). These identified subsections of Rule 13.05 set forth the specific requirements for these filings.  For example, in regard to the unsealed motion for sealing, Local Rule 13.05(A)(4)(a) provides that the motion must describe generally:

> (i) the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential; (ii) the legal grounds for the sealing; and (iii) the requested duration for the sealing or, if the proponent requests that the material remain sealed indefinitely, the reasons supporting the request.

Local Rule 13.05(A)(4)(a).  In addition, the sealed supporting memorandum must "state the specific legal and factual reasons justifying the sealing, with or without sworn factual declarations or affidavits…." Local Rule 13.05(A)(4)(b)(i). Here, Plaintiff's non-compliance with the requirements of Local Rule 13.05 is fatal to her motion.  In the future, any motion to seal that Plaintiff files must comply with Local Rule 13.05 and failing to do so may result in the motion's denial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to seal [ECF No. 4] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21th day of August, 2024