UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRINE CONTEJEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-1001 PLC |
| | ) | |
| AMEREN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss self-represented Plaintiff's complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 18] Plaintiff opposes Defendant's motion. [ECF No. 21] In addition, Plaintiff's Motion for Appointment of Counsel is before the Court. [ECF No. 24].

**I.      Background**

Plaintiff Katherine Contejean filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR").[1] [ECF No. 1-1 & 19-1] On December 5, 2023, the EEOC issued a "Dismissal and Notice of Rights" ("Notice" or "Notice of Right to Sue") to Plaintiff. [ECF No. 19-1] The Notice states the "EEOC is closing this charge because: Charging Party failed to respond." [ECF No. 19-1] The Notice also included notification of Plaintiff's right to sue, advising her that any lawsuit against Defendant on the Charge "**must be filed WITHIN 90 DAYS of your receipt of this notice**." (emphasis in original) [ECF No. 19-1] The Notice of Right to Sue further stated that Plaintiff's "right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." [ECF No. 19-

---

[1] Plaintiff did not attach a copy of either Charge to her complaint and it is not clear from the record the precise dates on which Plaintiff filed her Charges with the agencies.

1] In February 2024, Plaintiff filed a Charge with the MCHR and on April 22, 2024, the MCHR issued its Notice of Right to Sue. [ECF No. 1-1]

On July 22, 2024, Plaintiff filed her complaint alleging race and age discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. ("ADEA"). [ECF No. 1] Defendant moves to dismiss Plaintiff's complaint as untimely based on Plaintiff's failure to bring her federal claims within 90 days of her receipt of the EEOC's December 2023 Notice of Right to Sue and for failing to exhaust her administrative remedies by cooperating with the agency's investigation. [ECF No. 18]

Plaintiff counters that her lawsuit is timely because she filed it within 90 days after receiving her Notice of Right to Sue from the MCHR. [ECF No. 21] Plaintiff states that following receipt of her Notice of Right to Sue from the EEOC, the agency "directed [her] to file another Notice of Right to Sue through MCHR since the Right to Sue with the EEOC was about to expire due to family emergency in Cleveland, Ohio and that fact of my ongoing search to obtain an Attorney to represent me in this case." [ECF No. 21] Plaintiff states that she filed her Charge with the MCHR in February 2024, received a Notice of Right to Sue from the MCHR in April 2024, and timely filed her lawsuit in this Court in July 2024. [ECF No. 21]

Defendant replies that Plaintiff's filing of her suit within 90 days from her receipt of a right to sue letter from the MCHR is insufficient to preserve her federal claims under Title VII and the ADEA. [ECF No. 22] Defendant further contends that, to the extent Plaintiff is arguing that equitable tolling of the statutory deadline would be appropriate, that the circumstances surrounding the untimely filing demonstrate that equitable tolling is not warranted. [ECF No. 22] Specifically, Defendant argues that Plaintiff failed to exercise reasonable diligence is pursuing her claims despite knowing that her Right to Sue from the EEOC was "about to expire" and that Plaintiff's

stated reasons for not pursuing her claims, an unspecified "family emergency" and an "ongoing search to obtain an [a]ttorney," do not justify application of equitable tolling. [ECF No. 22]

Following completion of briefing on Defendant's motion to dismiss, Plaintiff filed a Motion for Appointment of Counsel requesting that the Court appoint counsel to represent her because she has been unable to locate an attorney willing to take her case. [ECF No. 24]

## II.     Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(b). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir. 2008).

## III.    Discussion

A. Motion to Dismiss

Defendant argues that Plaintiff's action is time-barred because it was not filed within 90

3

days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. [ECF No. 19] Defendant further contends that Plaintiff did not exhaust her administrative remedies because she failed to cooperate with the EEOC's investigation, prompting dismissal of her Charge. [ECF No. 19]

A plaintiff must file her Title VII or ADEA action within ninety days from receipt of her Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e-5(f) (Title VII); 29 U.S.C. §626(d), (e); *Hill v. John Chezik Imports.*, 869 F.2d 1122, 1124 (8th Cir. 1989). The presumption is that a plaintiff receives notice three days after the mailing date. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018); Fed. R. Civ. P. 6(d). Failure to file a timely civil action warrants dismissal of the complaint. *See Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984); *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004).

The EEOC mailed the Notice of Right to Sue to Plaintiff on December 5, 2023. [ECF No. 19-1] Plaintiff does not dispute that she received the letter, and is therefore presumed to have received it on December 8, 2023. Thus, Plaintiff was required to file suit bringing her Title VII and ADEA claims against Defendant no later than March 8, 2024. Plaintiff did not file suit until July 22, 2024, or 227 days after the presumed date of receipt. [ECF No. 1]

The ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1), however, is not a jurisdictional prerequisite to federal suit and is subject to equitable tolling. *See Hill*, 869 F.2d at 1123. Equitable tolling is an "exceedingly narrow window of relief," *Muffuletto v. Client Services, Inc.*, No. 4:12CV1982, 2012 WL 6216865, at *1 (E.D. Mo. Dec. 13, 2012), and is reserved for "circumstances which were truly beyond the control of the plaintiff." *Hill*, 869 F.2d at 1124. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been diligently pursing his rights; and (2) that some extraordinary circumstance stood in his way." *Luckett v. Herbster-Hellweg Painting*, No. 4:08CV00187 FRB, 2008 WL 2620894, at *2 (E.D. Mo. June 27, 2008) citing *Walker v. Norris,* 436 F.3d 1026 (8th Cir.2006). The

4

Supreme Court has noted four circumstances in which the application of equitable tolling may be appropriate: (1) the EEOC provided inadequate notice to plaintiff; (2) the court has not ruled on a pending motion for appointment of counsel and equity justifies tolling the statutory period until the motion is acted upon;[2] (3) the court led the claimant to believe that he or she did everything required of him; and (4) defendant lulled the claimant into inaction through affirmative misconduct. *Baldwin Cty. Welcome Center v. Brown,* 466 U.S. 147, 151 (1984).  "The Eighth Circuit has also applied equitable tolling where an administrative agency has made a mistake of law and/or has provided a plaintiff with misleading information that led the plaintiff into reasonably believing that her actions would suffice to protect her rights." *Ousley v. ResCare Homecare*, No. 4:13-cv-00898-SPM, 2013 WL 5966050, at *3 (E.D. Mo. Nov. 8, 2013) (citations omitted).

In her response to Defendant's motion to dismiss, Plaintiff states that sometime after receiving the EEOC's Notice of Right of Sue, "the EEOC…directed [her] to file another Notice of Right to Sue through MCHR since the Right to Sue with the EEOC was about to expire due to family emergency in Cleveland, Ohio and the fact of my ongoing search to obtain an Attorney to represent me in this case." [ECF No. 21]  Defendant counters that the circumstances surrounding Plaintiff's untimely filing demonstrate that equitable tolling is not warranted. [ECF No. 22] Specifically, Defendant argues that Plaintiff failed to exercise reasonable diligence in pursuing her

---

2  With respect to this situation, the Supreme Court cited to *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972), where a plaintiff filed a motion for appointment of counsel prior to filing his complaint. After the district court's denial of the motion for appointment of counsel, the plaintiff filed a second motion for appointment of counsel and a complaint. *Id*. at 589-91. Because the plaintiff's original motion for appointment of counsel was filed within the statutory deadline, the Sixth Circuit found that equitable tolling of the limitations period was warranted until the court ruled on the motion for appointment of counsel. *Id.* at 591-92.
This is distinguishable from the present case, in which Plaintiff filed her complaint before filing her motion for appointment of counsel.  Thus, although Plaintiff has a pending motion for appointment of counsel, there is no basis for determination that this unresolved motion influenced Plaintiff's decision on the timing to file her complaint.

5

claims despite knowing that her Right to Sue letter from the EEOC was "about to expire[.]" More specifically, Defendant contends that Plaintiff's stated reasons for not pursuing her claims, an unspecified "family emergency" and her "ongoing search to obtain an [a]ttorney," do not justify application of equitable tolling.

Here, the EEOC's Notice of Right to Sue clearly informed Plaintiff of the time she had to file her federal claims. Plaintiff's response to the motion dismiss demonstrates that she was aware of the impending deadline but, instead of pursuing her EEOC Charge by filing suit, elected to file another charge with a different agency. While Plaintiff states that someone from the EEOC allegedly advised her "to file another Notice of Right to Sue through the MCHR" because the "Right to Sue with the EEOC was about to expire," Plaintiff does not state that the EEOC misled her into believing that she did not need to comply with the clearly articulated directives of the EEOC's Notice of Right to Sue by filing a suit bring her federal claims within the 90 days of the EEOC notice. *See Ousley*, 2013 WL 5966050, at *4 (equitable tolling not warranted when EEOC advised the plaintiff "to wait for the [MCHR Notice] after [she] had received [the EEOC Notice]" and the plaintiff "felt 90 days began from the date of [the MCHR notice]" because the plaintiff was not "misled into reasonably believing that she did not need to file her federal claims within 90 days of the EEOC Notice"); *Shempert v. Harwich Chem. Corp.,* 151 F.3d 793, 798 (8th Cir.1998) (equitable tolling did not apply where a plaintiff claimed that an EEOC letter had misled her but the language of the EEOC's letter notified the plaintiff of the applicable time limits; stating, "equitable tolling is allowed only if the language was misleading").

Further, Plaintiff's stated reasons for not timely filing her action, including an unspecified "family emergency" and her unsuccessful efforts to secure counsel, do not warrant equitable tolling. *See Ousley*, 2013 WL 5966050, at * 4 (distraction resulting from the plaintiff's spouse's medical condition and plaintiff's need to care for him "is not the sort of extraordinary

6

circumstances that warrants equitable tolling"); *Luckett v. Herbster-Hellweg Painting*, No. 4:08CV00187 FRB, 2008 WL 2620894, at * 2 (E.D. Mo. June 27, 2008) (plaintiff's loss of "someone close to him" did not rise to the level of a circumstance beyond his control that prevented him from filing his lawsuit within the prescribed time period"); *Muffuletto*, 2012 WL 6216865, at *1 (plaintiff pro se status, lack of legal knowledge or legal resources, and confusion about or miscalculations of the limitations period do not warrant equitable tolling).  Here, Plaintiff has not demonstrated that the "family emergency" was such that it could excuse Plaintiff's failure to act within the statutory period or would excuse the more than seven-month delay between Plaintiff's receipt of the EEOC Notice of Right to Sue and the filing of her lawsuit. Nor can it be said that Plaintiff's inability to secure the assistance of counsel prevented her from timely filing suit, as evidenced by her eventual decision to file her action *pro se*.  Accordingly, equitable tolling does not apply in this case.

Plaintiff's lawsuit was not timely filed within 90 days of her receipt of the EEOC's Notice of Right to Sue and it is immaterial that Plaintiff brought her lawsuit within the statutory deadline of her receipt of the MCHR's Notice of Right to Sue because she is not pursuing claims under the Missouri Human Rights Act. Instead, Plaintiff's claims fall solely under Title VII and the ADEA, both of which require a plaintiff to timely file a charge of discrimination with the EEOC, receive a Notice of Right to Sue from the EEOC, and file a lawsuit within 90 days of receipt of the EEOC's Notice of Right to Sue. *Saali v. Walmart*, 4:23-cv-1499 HEA/PLC, 2024 WL 1092012, at *5 (E.D. Mo. Mar. 13, 2024) (citing 42 U.S.C. §2000e(f)(1) and *Littell v. Aid Ass'n for Lutherans,* 62 F.3d 257, 259 (8th Cir. 1995)).  Accordingly, Plaintiff's action is dismissed as untimely.  In light of the Court's finding that Plaintiff's action is time-barred, the Court does not consider Defendant's argument that Plaintiff did not exhaust her administrative remedies by failing to cooperate with the EEOC's investigation.

7

B. <u>Motion to Appoint Counsel</u>

Following completion of briefing on Defendant's Motion to Dismiss, Plaintiff filed a Motion for Appointment of Counsel requesting that the Court appoint her an attorney because she has been unable to find an attorney willing to take her case. [ECF No. 24] Specifically, Plaintiff asserts she has "been looking on her own for month and months" but that no attorney will take the case due to conflicts of interest, the attorney's lack of "bandwidth to handle the case" due to the "timeframe," or because Plaintiff has "gone down the road too far with this case and they don't want to pick it up[.]" [ECF No. 24-1] Plaintiff states she is "not in poverty…its just that [she] cannot find an attorney willing to help with the exception of a friend attorney that has provided some guidance but his firm does not handle these types of cases." [ECF No. 24-1]

Title VII provides the district court may appoint counsel for a complainant "in such circumstances as the court may deem just[.]" *Scott v. Tyson Foods, Inc.*, 943 F.2d 17 (8th Cir. 1991); 42 U.S.C. §2000e-5(f)(1). However, there is no automatic right to the appointment of counsel under Title VII. *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). "Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." *Id.; Hale v. North Little Rock Housing Authority*, 720 F.2d 996, 998 (8th Cir.1983)

Here, Plaintiff's request for appointment of counsel stems not from her indigency but solely from her inability to find an attorney who is willing to represent her. In her filings, Plaintiff states that she has been unsuccessful in securing the services of an attorney for approximately a year. [ECF Nos. 21 (response to motion to dismiss suggesting Plaintiff did not timely file suit before March 8, 2024, in part, due to her "ongoing search to obtain an [a]ttorney") & 24 (motion for appointment of counsel stating she has been searching for an attorney for "months and months)]

8

Despite Plaintiff's alleged considerable efforts to secure counsel, the balance of relevant factors does not support appointment of counsel in this case. Plaintiff states that she does not lack the financial means to hire an attorney. More importantly, Plaintiff has failed to demonstrate that she has a meritorious case because her action was not timely filed. Accordingly, the Court denies Plaintiff's Motion for Appointment of Counsel [ECF No. 24]

### IV. Conclusion

Because Plaintiff filed her complaint more than 90 days after she received notice of her right to sue from the EEOC and because equitable tolling is not warranted, the Court dismisses this action as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 24] is **DENIED**.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of January, 2025